IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:

LUIS ANGEL DIAZ ZAYAS

Debtor

CASE NO. 15-04844 (ESL)

CHAPTER 7

FILED ENTERED

DEC 16 2015

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

OPINION AND ORDER

This case is before the court upon Trustee's Objection to Debtor's Claimed Exemption of Alleged Retirement Funds (Docket No. 33) filed by the Chapter 7 Trustee and the Debtor's Opposition thereto (Docket No. 35), together with Debtor's additional Legal Memorandum. (Docket No. 39). The Chapter 7 Trustee argues that the Debtor is not entitled to the retirement fund exemption because, although the original source of the funds being claim as exempt was a thrift account, pre-petition he had withdrawn the funds and transferred them to his wife, Ms. Zoraida Jimenez-Fernandez, with whom Debtor is married under a total separation of assets regime. Trustee concludes that, since as of the date of the filing of the petition the funds were deposited in a Certificate of Deposit, the legal title holder of which was exclusively Mrs. Jimenez, Debtor was not even the legal owner of the funds and cannot claim any exemption under Section 522 (b)(3)(C) (Docket No. 33, p. 2-3, ¶¶ 7-14). Both in the pleadings filed as well as during the hearing held, the Debtor admitted all relevant facts but alleges that, notwithstanding the transfer of the funds to his wife, the Certificate of Deposit should be also considered a "retirement account" and pursuant to Section 522 (b)(4)(C), he should be allowed to claim the exemption. (Docket No. 35, p. 3-4, ¶¶18-19). Debtor also asserts that the funds assumedly are of inconsequential value and present no benefit to the estate. (Docket No. 35, p.6, ¶27). Finally, Debtor also urges this Court to consider the funds as his "retirement fund" because assumedly his

-1-

intention was to give the money to his wife for safekeeping and that he will be the one using the money for his retirement and to cover medical expenses. (Docket No. 39, p. 1-2).

At the hearing held on October 27, 2015 the Court heard the parties on the pending motions where, as previously stated, they agreed that the relevant facts are not in dispute.

For the reasons stated below, the Trustee's objection to alleged retirement exemption is GRANTED and the Opposition by Debtor is DENIED.

<u>Factual and Procedural Background</u>

Debtor and Mrs. Zoraida Jimenez-Fernandez ("Mrs. Jimenez") were married in 1997 under a total separation of property regime pursuant to Deed Number four (4) of Prenuptial Agreement ("Capitulaciones Matrimoniales") executed on February 4, 1997 before Notary Public Julian R. Rivera-Aspinall.

While Debtor was an employee of the Division of Homeland Security, he was a participant in a "Thrift Savings Plan" ("TSP"). By the end of December, 2014, Debtor resigned to his job due to health reasons. Although he was entitled to continue participating in the TSP, on February 13, 2015 Debtor withdrew the funds he had on the TSP and received a check for $119,461.26.

On February 18, 2015 the money received by Debtor was deposited in account no. 642-006218 with Banco Popular de Puerto Rico ("Banco Popular"). The legal owners of said account are Mrs. Brunilda S. Fernandez-Martinez ("Mrs. Fernandez-Martinez") and Mrs. Jimenez. Mrs. Fernandez-Martinez is the mother of Mrs. Jimenez.

On June 24, 2015, Mrs. Jimenez withdrew the amount of $112,000.00 from the bank account and acquired a five-year Certificate of Deposit, CD number 01660000001 ("Certificate of Deposit"). The Certificate of Deposit was issued solely in Mrs. Jimenez' name.

Two days later, on June 26, 2015, the Debtor filed a single Chapter 7 bankruptcy petition and filed his Schedules and the Statement of Financial Affairs. See: Dockets No. 1 & 3. In the

Schedules Debtor informed that he was married to Mrs. Jimenez and that the financial side of the marriage was governed by a prenuptial agreement "with a complete separation of goods and assets, including separation of expenses and income". See: Docket No. 1, p. 21.  On August 21, 2015, Debtor filed amended Schedules. Debtor claimed his exemptions under 11 USC §522 (b) (2). See: Docket no. 24.

Among the property claimed as exempt on amended Schedule C, Debtor included the amount of $119,461.00 describing the same as "401 K Retirement Accumulated monies and Shares to be withdrawn due to medical conditions of Debtor and to cover medical expenses and for daily living expenses due to the loss of his salary".

The first part of the §341 meeting of creditors was held on August 4, 2015, where the Debtor testified that the funds claimed as exempt were initially deposited in a bank account owned by his wife and that she had later acquired a Certificate of Deposit also under her name. See: Docket No. 10, p.2, ¶6.

The Chapter 7 Trustee immediately requested that the funds be surrendered to him as they were property of the estate.  Although according to Chapter 7 Trustee Debtor first agreed to achieve the surrendering of the funds, later that same day he filed an Urgent motion requesting an order to cease and desist request of turnover of retirement funds. See: Docket No. 10.

In response, Trustee (a) filed an application to employ counsel (Docket No. 12); (b) moved to strike the urgent motion arguing that the request for such an injunctive relief required the filing of an adversary proceeding (Docket No. 15); and (c) notified the Court that he intended to file an objection to Debtor's claimed exemption (Docket No. 16).

On August 31, 2015 Trustee filed a timely Objection to Debtor's claim of exemptions of alleged "Retirement Funds". See: Docket No. 33.  On September 14, 2015 Debtor filed his opposition to the objection. See: Docket No. 35.

On September 14, 2015, Trustee filed an adversary proceeding against Mrs. Jimenez requesting the avoidance of the transfer of funds to her under sections 584 (a) (1) and 544 (b) of the Bankruptcy Code. (Case No. 15-00234). On the same date Trustee requested the entry of an order directing Mrs. Jimenez to deposit the Certificate of Deposit with the Clerk of the Court as a means to secure the effectiveness of judgment. See: Adv. Docket No. 4. On October 7, 2015 we granted Trustee's motion. See: Adv. Docket No. 9. Shortly thereafter, on October 9, 2015 Debtor requested intervention in the adversary proceeding claiming to be an indispensable party. See: Adv. Docket No. 10. On those same grounds, he also filed a motion to dismiss the complaint (Docket No. 11). Finally, a motion for reconsideration of the order granting Trustee's motion to secure effectiveness of judgment was also filed. (Docket No. 12).

On October 14, 2015 Trustee filed an Opposition to "Notice of Appearance" (Docket No. 10) and Motion to Strike Motion to Dismiss Complaint (Docket No. 11) and Motion for Reconsideration (Docket NO. 12). See: Adv. Docket No. 16. Early on October 16, 2014, we granted Trustee's opposition. See: Adv. Docket No. 19. At 5:21 p.m. that same date, Debtor filed a Motion to Inform wherein counsel for Debtor notified that assumedly the day before they had been notified that Debtor had received the funds from his wife's Certificate of Deposit. Evidence was attached showing that on October 10, 2015, the Certificate of Deposit was cancelled and the amount of $112,085.15 deposited in Debtor's bank account ending in number 5227.

On October 19, 2015 Trustee filed an Urgent Motion requesting entry of Order against Debtor and order to show cause against Defendant and Debtor's Counsels. See: Adv. Docket No. 24. On that same date we shortened the noticing period and included Trustee's Urgent Motion in the matters to be considered by the Court at the previously scheduled October 27th hearing. See: Adv. Docket No. 25.

-4-

On October 20, 2015 Debtor filed another Memorandum of law in support of Retirement Exemption, basically restating his prior arguments. See: Docket No. 39.

At the hearing held on October 27, 2015 we denied Debtor's motion requesting the Chapter 7 Trustee to desist from requesting turnover of funds. Trustee having withdrawn the request against Mrs. Jimenez, we issued the order to show cause only against Debtor and his counsel. Finally, we informed that Trustee's objection to exemption would be granted.

### Jurisdiction

The court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

### Applicable Law and Analysis

it is well settled that pursuant to Section 541 of the Bankruptcy Code, "[w]hen a debtor files a bankruptcy petition, all of his property becomes property of the bankruptcy estate." Taylor v. Freeland & Kronz, 503 U.S. 638, 642. The estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). In order to assist the debtors in obtaining a fresh start, the Bankruptcy Code allows them to exempt from the estate limited interests in certain kinds of property. Rousey v. Jacoway, 544 U.S. 320, 325 (2005). However, "every asset the Code permits a debtor to withdraw from the estate is an asset that is not available to ... creditors." Schwab v. Reilly, 560 U.S. 770, 791 (2010). The Court must determine debtor's claimed exemptions as of the date he filed his bankruptcy petition. In re Lawless, 591 Fed. Appx. 415, 417 (6th Cir. 2014). One of the allowed exemptions includes certain "retirement funds." 11 U.S.C. § 522(b)(3)(C). Clark v. Rameker, 134 S. Ct. 2242, 2244-50 (2014).

It obviously follows that, in order for a debtor to be able to exempt any kind of property, the same must, first of all, be property of the estate. In this case Debtor seeks to exempt as

-5-

"retirement funds" the Certificate of Deposit. However, the evidence on the record shows that as of the date of the filing of the petition, the only owner ("unico dueño") of the Certificate of Deposit was Mrs. Jimenez. See: Docket No. 21, p.5. Therefore, as of the filing date, the Certificate of Deposit was not property of the estate and Debtor cannot exempt from the estate property that is not a part of it to begin with.

Moreover, pursuant to Section 522 (d)(12) to exempt "retirement funds" the same must be "in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986." Thus, even assuming that the Certificate of Deposit had been issued in the name of Debtor, to qualify for this exemption, it would have to (1) constitute retirement funds; and (2) be held in an account exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code.

We need not enter into a detailed discussion as to the definition of "retirement funds". A review of the enumerated sections of the Internal Revenue Code shows that they cover many types of accounts, but certainly none of them is an ordinary bank issued certificate of deposit. See: 26 U.S.C.A. § 401 et seq.

Since the Certificate of Deposit was not property of the estate nor is it an account exempt from taxation under the enumerated sections of the Internal Revenue Code, it doesn't matter whether the Debtor wished to use the money for his living and/or medical expenses during his retirement. In the absence of one or more of the elements, the retirement exemption does not apply.

In Clark, the U.S. Supreme Court held that, "…to determine whether funds in an account qualify as "retirement funds," courts should not engage in a case-by-case, fact intensive examination into whether the debtor actually planned to use the funds for retirement purposes as opposed to current consumption." Instead, the Court must look to the legal characteristics of the

account in which the funds are held. After all, courts are not authorized to create additional exceptions. Law v. Siegel, 134 S. Ct. 1188 (2014).

Debtor's argument that the exemption should be recognized because the funds originally were in a retirement account must also be rejected. As held in Clark, [i]n ordinary usage, to speak of a person's "retirement funds" implies that the funds are currently in an account set aside for retirement, not that they were set aside for that purpose at some prior date by an entirely different person. Under petitioners' contrary logic, if an individual withdraws money from a traditional IRA and gives it to a friend who then deposits it into a checking account, that money should be forever deemed "retirement funds" because it was originally set aside for retirement. That is plainly incorrect.

As stated by Justice Sotomayor, if this Court were to hold in any other way it would mean that money in an ordinary checking account (or, for that matter, an envelope of $20 bills) would also amount to "retirement funds" because it is possible for an owner to use those funds for retirement. Clark, 134 S.Ct. at 2250.

Debtor's last argument is that the Court should allow the exemption because Section 522 (b)(4) (C) assumedly permits the transfer of funds from the thrift account to the Certificate of Deposit, without the money losing the possibility of qualifying for exemption under subsection (d)(12). Debtor is once again plainly wrong. Section 522 (b)(4)(C) deals with direct transfers between retirement funds. The transfers in this case where first from Debtor's thrift account to the joint savings account of Mrs. Fernandez-Martinez and Mrs. Jimenez and then from the joint savings account to the Certificate of Deposit of Mrs. Jimenez. Neither the joint savings account nor the Certificate of Deposit of Mrs. Jimenez are retirement accounts that may be exempted under the Code.

-7-

In <u>Clark</u>, the petitioners' reading of Section 522 (b)(3)(C) pretended to write out of the statute the first element which requires that the funds be "retirement funds". In this case, Debtor's arguments write out all applicable parts of the Bankruptcy Code. Therefore, they must fail.

Conclusion

In view of the foregoing, the Chapter 7 Trustee's Objection (Docket No. 33) is hereby GRANTED. Since Debtor is now in possession of the funds, he is hereby ordered to forthwith deliver the amount of $112,085.15 to Trustee.

SO ORDERED.

In San Juan, Puerto Rico, this 16th day of December, 2015.

Enrique S. Lamoutte
United States Bankruptcy Judge